SCHOOL DISTRICT NO. 2 OF OTSEGO TWP. *v.* AMERICAN INSURANCE CO.

1. INSURANCE—FIRE WALLS—WHEN BUILDING CONSIDERED UNIT.
   In case parts of buildings are separated and protected by fire walls, they are in some instances rated as separate risks, but in absence of fire wall separating units, common risk and coverage designation in policy should be applied to actual situation and single use of property.

2. SAME—RATING BY BUREAU—BUILDING INSURED AS UNIT.

Where rating bureau scheduled high school building, consisting
of old part with slate roof and new part with composition
roof, not separated ,by fire wall, as unit, in fixing premium
rate, and insurance companies, members of said bureau,
adopted said rating in their policies issued on said building,
adjusters, after fire, properly held that all policies covered
said building as unit and adjusted loss on said basis, although
some policies described building insured as of slate roof con-
struction, and others as of composition roof construction
(3 Comp. Laws 1929, § 12272 et seq.).

Appeal from Allegan; Miles (Fred T.), J. Sub-
mitted January 12, 1933. (Docket No. 64, Calendar
No. 36,893.) Decided April 4, 1933.

Bill by School District No. 2 of Otsego Township,
Allegan county, a municipal corporation, against
American Insurance Company, a foreign corpora-
tion, and other insurance companies for reformation
of insurance policies, if necessary, and to compel
insurers to pay their proportionate share of loss.
From decree for plaintiff as to certain defendants,
all parties appeal. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plain-
tiff.

*Mason, Alexander, McCaslin, Cholette & Mitts,*
for defendants American Insurance Company, Fire-
men's Insurance Company, Security Insurance Com-
pany, Girard Fire & Marine Insurance Company,
and Northwestern National Insurance Company.

*Smith, Searl & Strawhecker,* for other defendants.

WIEST, J. Plaintiff school district had a high
school building, and, early in 1924, completed an
addition thereto. In January, 1931, fire destroyed

the old part of the building and damaged the new part. The total loss and damage amounted to $54,342.95, of which $3,448.90 was to the new part. The total insurance on the whole building was $91,000, and carried by 31 insurance companies. The insurance companies, outside of the five appealing defendants, paid $41,706.43, which constituted their proportionate shares, assuming that all insurance covered the entire building. Three of the appealing defendants claimed that their risks were on the new part of the building, and the other two claimed that their risks were on the old part only. This suit was brought on the equity side of the court for reformation of the contracts, if necessary, and to compel the five insurance companies to pay their proportionate shares of the total loss, under a construction that all of the policies covered the building as a whole, or, in the alternative, have a determination of the liability of the companies with recovery of the full loss. The court decreed reformation, and apportioned liability for the total loss. The five insurance companies, herein designated defendants, urge want of equity in the bill and contend against need of reformation.

We do not think reformation necessary in order to sustain the decree. It would entail useless expense to remit plaintiff to actions at law, and it was proper to bring all of the insurance companies before the court so they might be heard upon the questions affecting all of them, and, besides, we think the problems presented can all be solved upon the record made.

The old part of the school building was solid brick, two stories in height, with a slate roof. The new part was added to the old without a fire wall, with connection openings unprotected by fire doors, and

was also solid brick, two stories in height, but had a composition roof. We now state the coverage in each policy here involved:

Security Insurance Company:
"On the two-story composition roof solid brick school building, including foundations, * * * situated on North street between Allegan and Orleans streets, known as the gym building."

Firemen's Insurance Company:
"On the one-story gravel roof new brick school building and gymnasium school building, including foundations * * * situated on North street between Allegan and Orleans streets, city of Otsego, State of Michigan."

American Insurance Company, two policies:
(1) "Two-story composition roof solid brick school building, including foundations, * * * situated on North street between Allegan and Orleans streets (known as the high school building), city of Otsego, State of Michigan."

(2) "On the two-story composition brick school building including foundations * * * situated southwest corner of W. Allegan street and North street, city of Otsego, high school, State of Michigan."

Girard Fire & Marine Insurance Company:
"On a two-story slate roof, solid brick school building, including foundations, * * * situated on the south side of West Allegan street, high school, city of Otsego, State of Michigan."

Northwestern National Insurance Company:
"On the two-story and basement, slate roof brick high school building, including foundations * * * on the south side of West Allegan street."

Defendants Security Insurance Company, Firemen's Insurance Company, and American Insurance Company claim that their policies covered only the

addition, which had a composition or gravel roof, and defendants Girard Fire & Marine Insurance Company and Northwestern National Insurance Company claim that their policies covered only the original building, which had a slate roof.

The fire found and burned one building, having a single owner, and occupied solely for school purposes. One building, constructed in part at different times, is not divided into separate units by character of roofing or by designating the kind of roof on a part thereof. In case of a fire wall, parts of buildings so separated and protected are in some instances rated as separate risks, but in the absence of a fire wall separating the units a common risk and coverage designation in the policy should be applied to the actual situation and the single use of the property.

The policies in this suit were issued by insurance companies, members of and operating under a rating bureau authorized by statute (3 Comp. Laws 1929, § 12272 *et seq.*), and that bureau, by a previous survey, had scheduled the building as a two-story, brick high school and gymnasium, and fixed the premium rate thereon as a unit, and fixed no separate rate on the gymnasium section. Defendants, in their policies, adopted the rate so fixed, and sent the same to the audit department of the rating bureau to have them checked with the bureau regulations, inclusive of coverage and rate of premium charged. In adopting the rate fixed by the bureau defendants necessarily adopted the survey and scheduled basis for such rate. The statute (3 Comp. Laws 1929, § 12274) establishing fire insurance rating bureaus provides for voluntary membership therein and submission to rates fixed by the bureau for fire insurance upon surveyed and designated risks and estimated hazards; imposes a penalty upon any

bureau rater operating without a license; requires the bureau, in making rates, to—

"inspect every risk specifically rated by it upon schedule, and make a written survey of such risks which shall be filed as a permanent record in the office of such bureau." (3 Comp. Laws 1929, § 12279.)

This obviates the need of application for insurance in instances where the risk is specifically rated, for it furnishes the subject-matter of the risk and the rate for guidance and control of the insurer and protection of the insured.

As said in Richards, Law of Insurance (4th Ed.), p. 22:

"For use in the larger cities they (insurers) have prepared elaborate and accurate insurance maps and surveys showing the character of the risk involved in every building."

After the fire, two adjusters, one of whom duly represented the five defendants, met, determined the loss on the building as a unit, apportioned liability on such basis, and all of the insurers, except the five defendants, accepted the adjustment and paid their proportions. Such adjustment is quite persuasive of the idea that the contention now made is an afterthought. The adjusters necessarily determined the coverage. Without a fire wall and separate rating and with the rate exacted by the insurers as fixed by the bureau on the building as a whole, we think the policies covered the building as a unit, and the adjusters very properly so determined.

For the reasons stated, the decree in the circuit is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.