DeMaggio *v.* ATTORNEY GENERAL.

1. Constitutional Law—Amendments—Effective Date.

While an amendment of the Constitution may not become effective prior to 30 days from time of approval by electors in order to enable the public to become acquainted with the provisions of the amendment, there is nothing in the Constitution which prohibits the postponement of the effective date of the operation of an amendment (Const. 1908, art. 17, § 2).

2. Same—Civil Service Amendment—Effective Date.

Civil service amendment to the Constitution containing specific provision that it should be effective on first day of January following its approval, after approval was controlling as to the effective date of such amendment where it was in excess of 30 days after approval (Const. 1908, art. 6, § 22; art. 17, § 2).

3. Same—Civil Service Amendment—Provisions Altered or Abrogated—Publication.

Since the civil service amendment to the Constitution does not alter or abrogate any specific provision of the Constitution there were no existing provisions thereof to be published in full when that amendment was voted upon (Const. 1908, art. 6, § 22; art. 17, § 3).

4. Same—Publication of Provisions Altered or Abrogated by Proposed Amendment—Purpose.

The constitutional requirement that upon amendment of the Constitution there be published in full all provisions of the Constitution which are altered or abrogated by the amendment was designed to advise the elector as to the purpose of the proposed amendment so that he could intelligently determine whether his vote would be for adoption or rejection (Const. 1908, art. 17, § 3).

5. Same—Provisions Altered or Abrogated by Proposed Amendment—Publication.

Constitutional requirement that upon amendment of the Constitution there be published in full all provisions altered or abrogated by the proposed amendment when proposal is voted

on by the electors requires publication of the specific provision amended or replaced but not of such other provisions which might be directly or only remotely, and possibly only contingently, affected by the proposed amendment (Const. 1908, art. 17, § 3).

6. ATTORNEY GENERAL—ASSISTANT ATTORNEY GENERAL—TERM OF OFFICE—CIVIL SERVICE.

An assistant attorney general, prior to the civil service amendment to the Constitution, held office at the pleasure of the attorney general and where he was notified by attorney general elect that he would not be reappointed for latter's term, commencing simultaneously with civil service amendment, such assistant acquired no status in the State civil service' (Const. 1908, art. 6, § 22; 1 Comp. Laws 1929, § 183, as amended by Act No. 248, Pub. Acts 1939).

· Per CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PUBLIC QUESTION —DECLARATION OF RIGHTS.

Question of public importance, raised by public officials, decision upon which is urged by all interested parties, is made upon a proceeding initiated by petition for declaration of rights under civil service amendment of the Constitution (Const. 1908, art. 6, § 22; 3 Comp. Laws 1929, §§ 13903–13909).

8. STATUTES—CONSTITUTIONAL LAW—CONSTRUCTION.

It is a general principle of statutory construction that it is impossible to change positive constitutional and statutory provisions by way of implication.

9. ATTORNEY GENERAL—ASSISTANTS ATTORNEY GENERAL—CIVIL SERVICE.

Assistants attorney general, not being expressly exempted from the application of the civil service amendment to the Constitution, cannot be exempted by implication, hence they occupy a position in the classified service of the State civil service (Const. 1908, art. 6, § 22).

10. COSTS—CONSTRUCTION OF CONSTITUTIONAL AMENDMENT.

No costs are allowed in proceeding for declaration of rights under civil service amendment of the Constitution, a construction of a constitutional amendment being involved (Const. 1908, art. 6, § 22; 3 Comp. Laws 1929, §§ 13903–13909).

Per BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ.

Appeal from Wayne; Webster (Arthur), J. Submitted October 22, 1941. (Docket No. 40, Calendar No. 41,732.) Decided January 5, 1942.

Petition of Andrew DeMaggio against Herbert J. Rushton, Attorney General, and others for a statutory declaration of rights, claiming office as assistant attorney general and application of the civil service amendment to the Constitution to said office. Petition dismissed. Plaintiff appeals. Affirmed, but with declaration as to applicability of amendment.

*Andrew DeMaggio, in pro per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James F. Shepherd,* Chief Assistant Attorney General, and *Daniel J. O'Hara,* Assistant Attorney General, for appellees.

*Robert H. Dunn,* Legal Adviser to Civil Service Commission, and Assistant Attorney General.

Sharpe, J.  Plaintiff, a member of the State Bar of Michigan, filed a petition for a declaration of rights pursuant to the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13903–13909 [Stat. Ann. §§ 27.501–27.507]), the purpose being to secure a declaration of rights under the civil service amendment to the State Constitution, Mich. Const. (1908), art. 6, § 22, and to ascertain whether plaintiff's State employment was protected by its provisions.

The facts are not in dispute. Prior to January 1, 1941, plaintiff was employed as an assistant attorney general under Attorney General Thomas Read. At the election held November 5, 1940, the

electors of the State of Michigan approved the Constitutional amendment, *supra;* and at the same election, elected Herbert J. Rushton attorney general for the term beginning January 1, 1941. On December 29, 1940, plaintiff was informed that beginning January 1, 1941, his service as an assistant attorney general would cease and after said notice another assistant attorney general was assigned to the position formerly occupied by plaintiff. The cause came on for hearing on petition and affidavits filed by plaintiff and motion to dismiss. On July 1, 1941, the trial court dismissed plaintiff's petition.

Plaintiff appeals and contends that the above amendment became effective December 6, 1940; that his term of office did not expire with that of Attorney General Read, namely, on December 31, 1940; that the letter of Attorney General Rushton to plaintiff did not terminate his employment with the State of Michigan; that plaintiff was blanketed in as a State employee from the effective date of the civil service amendment until replaced by persons passing competitive examinations whom the commission certified as qualified; that the above amendment abrogated the power of the attorney general to dismiss plaintiff; and that the office or employment of assistants attorney general is within the protection of the civil service amendment.

The civil service amendment provides: "This amendment shall take effect on the first day of January following the approval thereof." It is urged by appellant that the above language is a nullity as it conflicts with article 17, § 2, of the Michigan Constitution which provides in part: "Every amendment shall take effect thirty days after the election at which it is approved;" and that by reason of article 17, § 2, *supra,* the civil service amendment became effective 30 days after November 5, 1940, or on December 5, 1940.

It is urged by the attorney general that the 30-day clause of the State Constitution does not prevent the electors from deferring, beyond that interlude, the operation of an amendment to the Constitution.

The trial court made the following observation upon this question:

"The civil service amendment neither altered nor abrogated the clause in question. The clause still stands applicable to all amendments where an effective date is not mentioned. If it were proposed to make the effective date of future amendments 60 days instead of 30, or if it were intended to strike out the clause entirely, then [article 17] § 3 regarding publication would apply."

In *State, ex rel. McNamara,* v. *Campbell,* 94 Ohio St. 403 (115 N. E. 29), it appeared that the general assembly had proposed and the electors had approved a constitutional amendment granting to women the right to appointment as members of certain boards, but in its resolution submitting the amendment to the voters, it had deferred the effective date for some time after the election. This intent was not expressed in the amendment itself, and for that reason was deemed ineffectual to postpone its operation. The court said (pp. 411, 412):

"The Constitution is positive in its terms and provides that the amendment shall become a part of the Constitution when a majority of the electors voting on the same shall adopt it. The time when an amendment is to become effective can be submitted to the electors, as in the case of the amendments of 1912 wherein it was expressly provided when they should go into effect. * * * There is nothing in the Constitution of this State postponing the operation of an amendment and it cannot be postponed unless the proposition to postpone is submitted to the electors and is adopted by a majority of those voting thereon."

In *Broadwater* v. *Kendig,* 80 Mont. 515, 522 (261 Pac. 264), it is said:

"A statute to take effect *in futuro* is a law *in praesenti.* An act has a potential existence upon its passage despite the fact that its effective day is postponed. 'That a statute or constitutional provision may have a potential existence, but which will not go into actual operation until a future time, is familiar law.' "

It seems clear that the purpose of the 30-day clause, Mich. Const. (1908), art. 17, § 2, is to enable the public to become acquainted with the provisions of an amendment after it has been approved. There is nothing in the Constitution which prohibits the postponement of the effective date of the operation of the amendment. Article 5 of the Constitution of the United States provides that amendments shall become "valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three fourths of the several States," yet the 18th amendment to the Federal Constitution prohibited the manufacture or sale of intoxicating liquors "after one year from the ratification of this article." In our opinion the electors in voting upon the civil service amendment intended that its effective date should be January 1, 1941, and there being nothing in our Constitution prohibiting such postponement, we hold that the will of the electors, so expressed, must govern.

It is to be noted that the Michigan Constitution, article 17, § 3, requires all proposed amendments to be published in full "with any existing provisions of the Constitution which would be altered or abrogated thereby." In the case at bar there were no provisions of the Constitution published when the civil service amendment was voted upon. The civil service amendment does not alter or abrogate any

specific provision of the Constitution and hence there was none to be published.

In *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich. 338, 344, we said:

"In determining what constitutes compliance with the constitutional requirement as to publication, a matter of prime importance is the purpose that prompted the people of the State of Michigan to include such a provision in the Constitution. All will agree that this was a means adopted by which it was believed the elector would be definitely advised as to the purpose of the proposed amendment and what provision of the constitutional law it modified or supplanted. Being so advised, the elector could intelligently determine whether his vote would be for adoption or rejection. But the ordinary elector, not being a constitutional lawyer, would be confused rather than helped by a publication of all the other constitutional provisions which were or might be directly or only remotely, and possibly only contingently, affected by the proposed amendment. We think the requirement in substance is this: That in case a proposed constitutional provision amends or replaces ('alters or abrogates') a specific provision of the Constitution, that such provision should be published along with the proposed amendment; that other provisions which are still operative, though possibly they may need thereafter to be construed in conjunction with the amending provision, need not necessarily be published."

Appellant next urges that his term of office or State employment as assistant attorney general did not terminate with that of Attorney General Read. It is agreed that 1 Comp. Laws 1929, § 183, as amended by Act No. 248, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 183, Stat. Ann. 1941 Cum. Supp. § 3.188), providing that the attorney general might appoint such assistants attorney general as he

deemed necessary, who should hold office "at the pleasure of the attorney general" continued in full force and effect until the civil service amendment became effective. It is urged by the attorney general that appellant's employment terminated when, on December 31, 1940, the appointing officer's term expired.

This problem is not new to the courts of our State. In *Lamoreaux* v. *Attorney General,* 89 Mich. 146, 149, it was said:

"Bishop's authority to hold the office of sheriff expired at midnight of December 31, 1890, by constitutional limitation, and all his deputies and the undersheriff went out of office with him."

See, also, *Smith* v. *Wagner,* 234 Mich. 428; *Abt* v. *Wilcox,* 264 Mich. 183.

In *Lockwood* v. *Stoll,* 264 Mich. 598, plaintiffs were employees in the office of register of deeds of Wayne county. They sought to hold over when a new register of deeds was elected, qualified, and assumed the duties of the office. We there said:

"The appointment or employment of plaintiffs by Otto Stoll [the former register of deeds] did not extend beyond his term. Their right to their positions expired simultaneously with the expiration of his term."

In the case at bar, appellant was appointed an assistant attorney general and continued to serve in that capacity "at the pleasure of the attorney general" appointing him. Prior to January 1, 1941, appellant was notified that beginning on the above date he would not be reappointed by the incoming attorney general. Such notice was sufficient to apprise appellant that after December 31, 1940, he would not serve as an assistant attorney general under Attorney General Rushton. Under the authori-

ties above cited, appellant's period of State employment ceased with that of Attorney General Read and he acquired no status in the State civil service since the amendment did not become effective until January 1, 1941. Our opinion thus far disposes of the claims of appellant and the decree of the trial court is affirmed in so far as it affects appellant.

It is urged by all interested parties that the applicability of the amendment to assistants attorney general should be decided by our court; and there being no objection to such a determination, we may pass upon the merits of the controversy. In deciding this question, we do so only because the question has been argued, briefed, and is of public importance. It is the claim of the attorney general that assistants attorney general were never intended to be included in the civil service of the State because the relationship in question is highly confidential. The appellant and the civil service commission contend that such office or employment is within the scope of the civil service amendment.

The first paragraph of the amendment reads as follows:

"The State civil service shall consist of all positions in the State service except those filled by popular election, heads of departments, members of boards and commissions, employees of courts of record, of the legislature, of the higher educational institutions recognized by the State Constitution, all persons in the military and naval forces of the State, and not to exceed two other exempt positions for each elected administrative officer, and each department, board and commission."

Assistants attorney general are not expressly excepted from the application of the amendment. It is a general principle of statutory construction that it is impossible to change positive constitutional and statutory provisions by way of implication.

In *People* v. *McHugh,* 286 Mich. 336, in commenting upon a law enacted by the legislature, we said:

"Whether the comments on the statute made in that case (*People* v. *Doe, alias Meyer,* 264 Mich. 475) were justified or not, the legislature enacted this section of the statutes. It is plain and unambiguous, there is no room for judicial construction, and this court has no right to alter its terms. If it should be changed, such change is a matter of legislation."

In *State Compensation Ins. Fund* v. *Riley,* 9 Cal. (2d) 126 (69 Pac. [2d] 985, 111 A. L. R. 1503), that court held:

"The Supreme Court is without power to create exceptions by implication in addition to those enumerated in constitutional provision that State civil service shall include every State officer and employee, with fourteen exceptions (Const. art. 24, § 4a, adopted in 1934)." (syllabus) (69 Pac. [2d] 985.)

The attorney general relies upon cases from New York and Ohio in support of his theory. In an examination of the New York cases, we find they are based upon a constitutional provision which reads as follows:

"Appointments * * * in the civil service of the State * * * shall be made according to merit and fitness to be ascertained, *so far as practicable,* by examinations, *which so far as practicable,* shall be competitive." Const. N. Y. (1939), art. 5, § 6.

The State of Ohio has a similar constitutional provision (Const. of Ohio, art. 15, § 10, adopted in 1912). See *State, ex rel. Ryan,* v. *Kerr,* 126 Ohio St. 26 (183 N. E. 535). It is to be noted that the civil service amendment to the Michigan Consti-

tution contains no such provision as is found in the New York or Ohio Constitutions. Consequently, the authorities from these States are not controlling or helpful in construing the amendment to the Michigan Constitution.

It is our opinion that assistants attorney general not being expressly exempted from the application of the amendment, they cannot be exempted by implication. It must follow that they occupy a position in the classified service of the State civil service under the third paragraph of the amendment.

Other questions have been raised, but because of the importance of the case, we have decided the questions of public importance and the questions raised by plaintiff in his petition for a declaration of rights.

The decree of the trial court dismissing plaintiff's petition is affirmed, but without costs as the construction of a constitutional amendment is involved.

Boyles, North, Starr, Butzel, and Bushnell, JJ., concurred with Sharpe, J.

Wiest, J. (*concurring*). I concur in the affirmance upon the grounds presented but do not care to join in the declaration of rights generally even at the request of public officials because not presented in a concrete case.

Chandler, C. J., concurred with Wiest, J.