CARMAN *v.* SECRETARY OF STATE

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS.

A proposed constitutional amendment, *ipso facto*, does not alter or abrogate an existing constitutional provision (MCLA § 168.482).

2. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS—PETITIONS.

A petition for a constitutional amendment must set forth the existing provisions of the constitution which would be altered or abrogated if the amendment is adopted only if the proposed amendment would alter or abrogate an existing constitutional provision (MCLA § 168.482).

3. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS—PRESUMPTIONS—PETITIONS.

A presumption that no alteration or abrogation of an existing constitutional provision is intended arises where a petition for a constitutional amendment deals with a particular subject matter, is complete in itself, and does not specifically amend or replace any existing constitutional provisions.

4. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS.

A provision of the constitution is not deemed to be "altered or abrogated" solely because a proposed constitutional amendment, if approved, is to be added to an already existing constitutional provision, rather than be a separate section.

5. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS.

An existing constitutional provision is not deemed "altered or abrogated" solely because if a proposed constitutional amend-

REFERENCES FOR POINTS IN HEADNOTES

[1–5, 7, 8] 16 Am Jur 2d, Constitutional Law § 26 *et seq.*
[6] 16 Am Jur 2d, Constitutional Law § 115 *et seq.*

ment is approved by the electorate, the provision and the amendment must be construed together.

6. APPEAL AND ERROR — CONSTITUTIONAL LAW — CONSTITUTIONAL QUESTIONS.

Constitutional questions are avoided if the case being adjudicated can be decided on other grounds.

Dissenting Opinion

T. M. Burns, J.

7. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS—PRESUMPTIONS.

*A proposed constitutional amendment, which is numbered the same as an already existing provision of the constitution and where there is no statement of the precise effect of the proposed amendment anywhere in the petition proposing it, must be presumed to alter or abrogate the existing provision (MCLA § 168.482).*

8. CONSTITUTIONAL LAW—CONSTITUTIONAL AMENDMENTS—PETITIONS —STATUTES.

*Requirement that the text of a constitutional provision which will be altered or abrogated by a constitutional amendment, if approved, be placed on the petition for amendment is to insure that the signers of the petition will be advised of not only the amendment proposed to be adopted, but also of exactly how the amendment would change the existing constitutional provision (MCLA § 168.482).*

Original action in the Court of Appeals. Submitted Division 2 August 17, 1970, at Lansing. (Docket No. 9,893.) Decided September 2, 1970. Leave to appeal denied September 14, 1970. 384 Mich 751. Vacated and new judgment entered by Supreme Court March 31, 1971. 384 Mich 443.

Complaint for mandamus by Kenneth W. Carman, David S. Evans, Jr., Terry Herndon, Harriett M. Phillips, Mary Ellen Riordan, Horace Sheffield, Jay Wabeke, and for others similarly situated, against James M. Hare, Secretary of State, Bernard Apol, Director of Elections, Board of State Canvassers, and its members, Nathan Conyers, James Schoener,

Zoe Shaffer Burkholz, and Esther Waite.   Writ
granted.

*Levin, Levin, Garvett & Dill* (*Erwin B. Ellmann,*
of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Russell A. Searl,*
Assistant Attorney General, for defendants.

Before:  HOLBROOK, P. J., and FITZGERALD and
T. M. BURNS, JJ.

HOLBROOK, P. J., and FITZGERALD, J.   This original
proceeding is an emergency matter ready for deter-
mination under GCR 1963, 816.2(g).   We have con-
sidered all of the pleadings, briefs, and oral argu-
ments of the parties.

Plaintiffs seek a writ of mandamus directing the
Board of State Canvassers to process for placement
on the November general election ballot a proposed
amendment to the state constitution.   Plaintiffs
timely filed initiative petitions bearing the signa-
tures of in excess of 320,000 registered electors.
Relying upon an opinion of the Attorney General[1]
the Board refused to process the petitions on the
ground they were not in the form required by stat-
ute.   After the filing of plaintiffs' complaint, this
Court entered its order, dated August 12, 1970, which
reads in pertinent part as follows:

"This Court, on its own motion, ORDERS that the
defendant, Secretary of State, shall immediately ac-
cept the petitions offered by the plaintiffs as if they
were valid and sufficient as to form, and the Secre-
tary of State and the State Board of Canvassers
shall forthwith proceed to canvass and process such

---

[1] Letter opinion to Rep. Stanley M. Powell, May 26, 1970.

petitions as required by applicable sections of the constitution and statutes of this state with sufficient dispatch so as to complete the same no later than September 4, 1970, or until further order of this Court or order of the Supreme Court.

"This Court takes the above action upon its own motion so as not to cause prejudice to either party in terms of timing in view of the forthcoming election. However, the true validity and sufficiency of the petitions is a question specifically saved for determination by this Court at a later date."

The petitions filed bore the following heading:

"INITIATIVE PETITION
AMENDMENT TO THE CONSTITUTION

"Proposed Amendment

"Article 8, Section 2. No public monies or property shall be appropriated or paid or any public credit utilized, by the legislature or any other political subdivision or agency of the state directly or indirectly to aid or maintain any private, denominational or other nonpublic, pre-elementary, elementary, or secondary school. No payment, credit, tax benefit, exemption or deductions, tuition voucher, subsidy, grant or loan of public monies or property shall be provided, directly or indirectly, to support the attendance of any student or the employment of any person at any such nonpublic school or at any location or institution where instruction is offered in whole or in part to such nonpublic school students. The legislature may provide for the transportation of students to and from any school."

The statute relied upon by the Board (MCLA § 168-.482 [Stat Ann 1970 Cum Supp § 6.1482]) reads in pertinent part as follows:

"If the proposal would alter or abrogate any existing provision of the constitution, the petition should so state and the provisions to be altered or

abrogated shall be inserted, preceded by the words: 'Provisions of existing constitution altered or abrogated by such proposal if adopted.' "

Noting that the constitution presently contains an Article 8, Section 2, the opinion of the Attorney General states that: " * * * it is impossible to ascertain from the petition alone whether it is intended that the new language as set forth in the petition will replace or only supplement the existing language." The opinion also states:

"Inasmuch as Art 8, § 2, will not read the same if the proposed amendment is adopted, it follows in my opinion that Art 8, § 2, as presently existing will either be altered or abrogated thereby. I am, therefore, constrained to hold that in such respect the petition as submitted does not comply with that particular requirement."

We do not agree with the proposition that every proposed amendment to the constitution would, *ipso facto,* alter or abrogate an existing provision. The statute reads *"If* the proposal would alter or abrogate any existing provision of the constitution * * * ". (Emphasis supplied.) This implies that not all proposed amendments must be regarded as altering or abrogating an existing provision. Furthermore, the statute is clear that only if the proposal would have such an effect on an existing provision must such existing provision be set forth in the petition.

The petitions here in issue do not set forth any existing provisions of the constitution as being altered or abrogated by the proposed amendment. Consequently, it must be presumed that no alteration or abrogation of existing provisions was intended. This is confirmed by plaintiffs' brief in support of their complaint for mandamus where they argue:

"The petitions contain the complete text of what is proposed to be added to the Constitution. The article and section in which the language is to appear are identified. No existing provision was sought to be deleted, or set at naught. Since nothing was to be replaced, no mention was required."

Supporting the position of the plaintiffs are such cases as *School District of City of Pontiac* v. *City of Pontiac* (1933), 262 Mich 338; *DeMaggio* v. *Attorney General* (1942), 300 Mich 251; *City of Jackson* v. *Commissioner of Revenue* (1947), 316 Mich 694; and *Graham* v. *Miller* (1957), 348 Mich 684, holding in substance that a proposed amendment dealing with a particular subject, complete in itself, which does not specifically amend or replace any existing provision, does not constitute an alteration or abrogation within the context of the issue presented in this case. Nor is it of significance that the drafters of the petition determined that the proposed amendment should be added to an existing section rather than be made a separate section. In either event the present provisions of Article 8, Section 2, would remain intact and operative. That the present provisions of Article 8, Section 2, may need to be construed in conjunction with the amending provision, if it is approved by the electorate, does not require the conclusion that the provisions are therefore "altered or abrogated" as that phrase had been interpreted. *School District of City of Pontiac* v. *City of Pontiac, supra,* p 344.

Plaintiffs asserted in their complaint, as a further ground for relief, that the right to initiate a constitutional amendment, as guaranteed by Const 1963, Art 12, § 2, is self-executing. Therefore, the additional requirement necessary for the exercise of that right contained in MCLA § 168.482 (Stat Ann 1970 Cum Supp § 6.1482) is unconstitutional. We do not

rule on this issue for the reason that constitutional questions are avoided if the case can be decided on other grounds. 16 Am Jur 2d, Constitutional Law, § 113, p 301; *Smith* v. *Curran* (1934), 267 Mich 413.

We conclude that the petitions conform to the statute in question. The full text of the amendment proposed to the constitution is set forth together with an indication that the amendment is to become a part of Article 8, Section 2. As the proposed amendment was not intended to alter or abrogate the existing provisions of that section, such provisions were not required to be set forth on the face of the petitions.

Writ of mandamus will enter as prayed requiring defendants to proceed forthwith with such steps as are necessary to effect placement of the proposed amendment on the November ballot. We retain continuing jurisdiction of this matter for such appropriate action as may be deemed proper and necessary.

No costs, a public question being involved.

T. M. BURNS, J. (*dissenting*). I cannot agree with my brothers of the bench that the proposed amendment to Article 8, Section 2 of the Michigan Constitution does not alter or abrogate an existing constitutional provision. The precise effect of the proposed amendment upon the existing constitution does not appear anywhere on the petition. The proposed amendment, as it appeared on the petition, reads:

"Article 8, Section 2. No public monies or property shall be appropriated or paid or any public credit utilized, by the legislature or any other political subdivision or agency of the state directly or indirectly to aid or maintain any private, denominational or other nonpublic, pre-elementary, elementary, or secondary school. No payment, credit, tax

benefit, exemption or deductions, tuition voucher, subsidy, grant or loan of public monies or property shall be provided, directly or indirectly, to support the attendance of any student or the employment of any person at any such nonpublic school or at any location or institution where instruction is offered in whole or in part to such nonpublic school students. The legislature may provide for the transportation of students to and from any school."

Since the Michigan Constitution already has an Article 8, Section 2, I can only assume that the proposed amendment is intended to replace the language already existing under that section. The fact that the parties before the Court agreed that the proposed amendment will not replace the language presently existing under Article 8, Section 2, but rather will be an addition to the existing provision, is irrelevant, since the purpose of the requirements of MCLA § 168.482 (Stat Ann 1970 Cum Supp § 6.1482) is to insure that the signers of a petition will be advised of not only the amendment proposed to be adopted, but also of exactly how the amendment would change the present constitution. Since a signer of the petition would have no way of knowing what effect the proposed amendment would have upon the present constitution, the requirements of MCLA § 168.482 (Stat Ann 1970 Cum Supp § 6.1482) have not been met.

The petition for mandamus should be dismissed.