## No. 420

## STATE ex FELDER v. McVEY

## No. 19771. Supreme Court

## Decided Dec. 28, 1926.

448. ELECTIONS—Defeated party in election contest cannot resort to quo warranto to secure review of contest brought under Sec. 5162-68 GC. even though no right of appeal and error is provided by statutes.

PER CURIAM.

This is a proceeding in quo warranto originating in the Court of Appeals. The defendant demurred to the petition of relator. The Court of Appeals sustained the demurrer and dismissed the action. Prior to the beginning of this suit, there had been an election contest for the office of justice of the peace conducted by the defendant against the relator, under and in pursuance of the provisions of sections 5162 to 5168, inclusive, General Code, which contest had been decided in favor of the defendant. Felder, against whom the election contest was conducted, having no right of appeal or error, brought this proceeding in quo warranto.

It has been many times decided by this court that where no right of appeal or error in a contested election case is provided for in the statutes covering the subject, none exists, and that resort may not be had by the defeated party to a proceeding in quo warranto for the purpose of thereby securing a review of the decision rendered in the election contest case. It is said, however, by relator that where there is an abuse of discretion in the carrying out of the statutory provisions covering the contest, a higher court may take cognizance of and inquire into the validity of a finding which is the result of such abuse of discretion. There is nothing in the record in this case tending to sustain the charge of abuse of discretion. State ex Hogan v. Hunt, 84 OS. 143 and Prentiss v. Dittmer, 93 OS. 314, 323. Approved and followed.

Judgment affirmed.

(Marshall, CJ., and Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.)

Attorneys—Chas. A. Schwenker, Ralph H. Henney and Clarence M. Addison, Columbus, for State ex; Benj. F. Levinson, Columbus, and Kenneth Little, Troy, for McVey.

## No. 421

## STATE ex HOLMES v. THATCHER

## No. 20317. Supreme Court

## In Mandamus. Decided March 8, 1927

1064. SALARIES—Ohio Constitution Art. II, Sec. 20, which provides that salary of an officer shall not be changed during existing term unless office is abolished is violated by the action of a board of county commission and the city council in increasing salary of municipal judge who was in office at time Sec. 1558-48 GC. authorizing increase was enacted.

PER CURIAM.

This cause is an original suit in the court upon the relation of one of the judges of the municipal court of Columbus, to compel the county auditor of Franklin County to issue a warrant for compensation claimed to be due the relator as a judge of the municipal court. The statute applicable to this matter is a part of the municipal court act for the city of Columbus being section 1558-48 GC., which provides how and how much municipal judges shall receive as compensation.

Pursuant to this authority, the commissioners of Franklin County prior to Jan. 1, 1927, by resolution appropriated the sum of $1500 which was an increase of $500 per year, and the council of the city of Columbus appropriated the sum of $3000, which was an increase of $500 over the amount theretofore payable by the city. The relator was elected to office and was in the discharge of his duties as such prior to the time of such increases.

The Supreme Court held:

1. This court has heretofore in the case of State ex Dempsey v. Zangerle, Aud., 114 OS. 435, in effect, declared a similar statute to be valid.

2. But neither that case nor any other case decided by this court has ever approved any statute, or any other legislative authority or quasi legislative authority to increase the salary of any officer during an existing term of office.

3. The action of the board of commissioners and of the city council, in so far as it applies to judges of the municipal court of the city of Columbus who were in office at the time of the enactment of such provisions of Sect. 30 of article 2 of the Constitution of Ohio which provides that the General Assembly shall fix the term of office and compensation therefore, but shall not affect the salary during term unless the office is abolished.

Writ therefore denied.

Marshall, CJ., and Day, Allen, Kinkade, Robinson, Jones & Matthias, JJ., concur.

Attorneys—Franklin Rubrecht, James N. Linton, Paul M. Herbert and B. W. Gearheart for State ex; John J. Chester, Jr., Largdom T. Williams, and R. J. Odell for Thatcher; all of Columbus.