MacDonald et al., Judges, Appellants, *v.* Bell, Auditor, et al., Appellees.

(No. 922—Decided September 16, 1970.)

*Mr. J. L. MacDonald, Mr. Edward C. Greenamyer* and *Mr. D. Barry Dickson,* judges, Columbiana County Court District, *in propria persona.*

*Mr. J. Warren Bettis,* prosecuting attorney, for appellees.

Lynch, P. J. The issue in this case is whether County Court judges are entitled to an increase in salary during their term of office by reason of the "Modern Courts" amendment to Article IV of the Ohio Constitution, which was effective May 7, 1968. If the County Court judges are not provided for in such amendment, they are prohibited from a salary increase during their term of office by reason of Section 20 of Article II of the Ohio Constitution, which provides as follows:

"The General Assembly, *in cases not provided for in this Constitution,* shall fix the term of office and the compensation of all officers; but no change therein shall af-

fect the salary of any officer during his existing term, unless the office be abolished." (Emphasis ours.)

The question is whether County Court judges are "provided for" in the newly amended Section 6 of Article IV of the Ohio Constitution, which provides as follows:

"(A) (1) The Chief Justice and the Justices of the Supreme Court shall be elected by the electors of the state at large, for terms of not less than six years.

"(2) The judges of the Courts of Appeals shall be elected by the electors of their respective appellate districts, for terms of not less than six years.

"(3) The judges of the Courts of Common Pleas shall be elected by the electors of the counties in which their respective courts are located, for terms of not less than six years, and each judge of a Court of Common Pleas shall reside during his term of office in the county in which his court is located.

"(4) Terms of office of all judges shall begin on the days fixed by law, and laws shall be enacted to prescribe the times and mode of their election.

"(B) The judges of the Supreme Court, Courts of Appeals, and of the Courts of Common Pleas, shall, at stated times, receive, for their services such compensation as may be provided by law, which shall not be diminished during their term of office. The compensation of all judges of the Supreme Court, except that of the Chief Justice, shall be the same. The compensation of all judges of the Courts of Appeals shall be the same. Common Pleas judges shall receive such compensation as may be provided by law. Judges shall receive no fees or perquisites, nor hold any other office of profit or trust, under the authority of this state, or of the United States. All votes for any judge, for any elective office, except a judicial office, under the authority of this state, given by the General Assembly, or the people shall be void.

"(C) No person shall be elected or appointed to any judicial office if on or before the day when he shall assume the office and enter upon the discharge of its duties he shall have attained the age of seventy years. Any voluntarily

retired judge, or any judge who is retired under this section, may be assigned with his consent, by the Chief Justice or acting Chief Justice of the Supreme Court to active duty as a judge and while so serving shall receive the established compensation for such office, computed upon a per diem basis, in addition to any retirement benefits to which he may be entitled. Laws may be passed providing retirement benefits for judges."

It is clear from the first three sentences of paragraph (A) and from paragraph (B) of the above constitutional provision, that justices of the Supreme Court and judges of the Courts of Appeals and Common Pleas Court are entitled to salary increases during their terms of office.

However, the fourth sentence of paragraph (A), the last two sentences of paragraph (B) and entire paragraph (C) of Section 6 of Article IV of the Ohio Constitution apply to all judges, including County Court judges, and the decisive issue in this case is whether these provisions "provide for" County Court judges so as to exclude them from Section 20 of Article II of the Ohio Constitution.

There is a division of opinion on this issue. The trial judge in this case, who was Judge Sharp of the Columbiana County Common Pleas Court, held that County Court judges are not "provided for" under Section 6 of Article IV of the Ohio Constitution; therefore, they are prohibited from receiving salary increases during their term of office by reason of Section 20 of Article II of the Ohio Constitution.

However, Judge Holden of the Franklin County Common Pleas Court held that Municipal Court judges, who are in the same position as County Court judges on this issue, are "provided for" in Section 6 of Article IV of the Ohio Constitution; therefore they are no longer within the prohibitions of Section 20 of Article II of the Ohio Constitution, and are entitled to receive increases in compensation during their term of office. *Young* v. *Price*, No. 236620, August 4, 1969.

On the basis of *Young* v. *Price*, the Ohio Attorney General issued two opinions, both dated April 17, 1970. In

No. 70-046, the second paragraph of the syllabus is as follows:

"Municipal judges are entitled to the additional compensation prescribed for by Section 1901.11, Revised Code, regardless of whether or not such judges are 'in term.'"

In No. 70-047, his opinion was that "a county judge who is currently holding office is entitled to additional compensation as provided for in Sections 1907.081 and 1907.082, Revised Code."

The issue in this case is not one that is "clear cut" and easy to decide. It raises some difficult questions that can cause honest differences of opinion. This divison of opinion is reflected by the division of members of this court on the decision of this case.

In 1927, our Supreme Court in *State, ex rel. Holmes,* v. *Thatcher,* 116 Ohio St. 113, held that Municipal Court judges were "cases not provided for" in Section 20 of Article II of the Ohio Constitution, and, therefore, their salaries could not be increased during an existing term of office.

However, the amendments to Article IV of the Ohio Constitution effective May 7, 1968, made changes regarding both Municipal Court judges and County Court judges.

Prior to such amendments, Section 10 of Article IV of the Ohio Constitution, which was repealed by such amendments, provided as follows:

"All judges, other than those provided for in this Constitution, shall be elected by the electors of the judicial district for which they may be created, but not for a longer term of office than five years."

Thus, Article IV of the Ohio Constitution, prior to its amendment effective May 7, 1968, made a distinction between judges mentioned specifically in the Constitution and other judges as to their election, but eliminated this distinction in amended Section 6 of Article IV.

Although Section 6 of Article IV of the Ohio Constitution does not specifically fix the term of office of the County Court judges such as it does for justices of the Supreme Court and judges of the Courts of Appeals and

Common Pleas Court, the authority of the Legislature to both fix the term of office and compensation of the County Court judges is contained in Section I of Article II of the Ohio Constitution. Thus, Sections 1 and 6 of Article IV and Section I of Article II of the Ohio Constitution can be interpreted to authorize the General Assembly to fix the term of office and compensation of County Court judges independent of Section 20 of Article II of the Ohio Constitution.

Our conclusion is that the amendment to Article IV of the Ohio Constitution, effective May 7, 1968, extends equal constitutional recognition to judges other than those of the Supreme Court, Courts of Appeals and Common Pleas Court for the purposes provided in the fourth sentence of paragraph (A), the last two sentences of paragraph (B) and entire paragraph (C) of Section 6 of Article IV of the Ohio Constitution.

The decisive question in this case is whether the enactment of the amendments to Article IV of the Ohio Constitution effective May 7, 1968, was intended only to permit justices of the Supreme Court and judges of the Courts of Appeals and Common Pleas Court to receive salary increases during their term of office while other judges, such as County Court judges and Municipal Court judges, would be excluded from this benefit, or whether it was intended that all judges, including County Court judges and Municipal Court judges, would be permitted to receive salary increases during their term of office.

In *Cleveland* v. *Board of Tax Appeals* (1950), 153 Ohio St. 97, the Supreme Court stated as follows on page 103 in the opinion:

"The purpose of the amendment, and the reasons for, and the history of its adoption, are pertinent in determining the meaning of the language used, for when the language is obscure or of doubtful meaning the court may, with propriety, recur to the history of the time when it was passed, to the attending circumstances at the time of adoption, to the cause, occasion or necessity therefor, to the imperfections to be removed or the mischief sought to

be avoided and the remedy intended to be afforded. 37 Ohio Jurisprudence, 668, Section 368.''

The division of legal opinion on this issue indicates that there is some question as to the meaning of amended Section 6 of Article IV of the Ohio Constitution concerning whether it was intended that all judges, including County Court judges and municipal judges, be permitted to receive salary increases during their term of office.

Plaintiffs, appellants herein, have submitted an appendix and exhibits setting out the reports and publicity releases of the drafters of the Modern Courts Amendment to Article IV of the Ohio Constitution, namely, the Ohio State Bar Association Modern Courts Committee and the Study Committee on Judicial Administration of the Legislative Service Commission, as well as pertinent excerpts from typical newspaper articles concerning this amendment and a condensed text of this amendment as it was printed on the ballot.

A review of these reports indicates that the reason for amending Article IV of the Ohio Constitution to permit salary increases during a judge's term of office was because the prior provision of the Ohio Constitution prohibiting increasing a judge's salary during such term created an inequality in salaries of judges, resulting in discrimination against more experienced judges because newer, less experienced judges were receiving greater compensation. The purpose of such amendment was to permit all judges serving on the same court and doing the same work to receive the same compensation. These reports and publicity releases also indicate that the purpose of this amendment was to permit all judges to receive salary increases during their term. Newspaper publicity was to the same effect. The relevant condensed text of the ballot on this amendment was as follows:

''Shall the Constitution of the state of Ohio be amended * * * to equalize judges' salaries and to allow increases in compensation during term * * *.''

We conclude that both the General Assembly and the voters of Ohio, in enacting Amended Article IV of the

Ohio Constitution, intended that all judges, including judges of the County Courts, should be allowed to receive increases in compensation during their term.

We respect the reasoning of both Judge Sharp and the dissenting member of this court, but after a review of the record of this case and the applicable law we conclude that County Court judges are "provided for" in Section 6 of Article IV of the Ohio Constitution; therefore, they are not within the prohibition of Section 20, Article II of the Ohio Constitution as to any salary increase during their term of office.

We further conclude that County Court judges who are currently holding office are entitled to the additional compensation provided for in R. C. 1907.081 and 1907.082, during their term of office.

Plaintiffs raise the point that if amended Article IV of the Ohio Constitution only permits justices of the Supreme Court and judges of the Courts of Appeals and Common Pleas Court to receive salary increases during their term of office while other judges, such as County Court judges and Municipal Court judges, will be excluded from such benefit, it will violate Section I of Article XIV of the United States Constitution which prohibits a state from denying to any person within its jurisdiction the equal protection of the laws.

We do not feel it necessary to decide this issue, but we feel that this federal constitutional provision negates any intention to exclude either County Court judges or Municipal Court judges from receiving salary increases during their term of office when other judges are permitted to receive such salary increases during term.

*Judgment reversed.*

O'NEILL, J., concurs.

JOHNSON, J., dissenting. I dissent from the conclusion reached by the majority.

In 1927 the Supreme Court of Ohio held in *State, ex*

*rel. Holmes, v. Thatcher,* 116 Ohio St. 113, that judges of a Municipal Court were "cases not provided for in this Constitution" as such phrase was used in Section 20 of Article II of the Constitution, and, therefore, their salaries could not be increased during an existing term.

Section 20 of Article II then, as now, provided:

"The General Assembly, *in cases not provided for in this Constitution,* shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished. (Emphasis added.)

In an earlier case, *State, ex rel. Metcalfe,* v. *Donahey* (1920), 101 Ohio St. 490, a judge of this Court of Appeals brought an action in mandamus against the Auditor of state to compel the payment of an increase in salary voted by the General Assembly after the commencement of his term of office.

Section 20 of Article II was then in effect. The relator argued that the then prevailing provisions of Section 14 of Article IV did not preclude an increase in his salary as an appellate judge because the limitations therein imposed applied only to members of the Supreme Court and the Common Pleas Courts, and a member of a Court of Appeals was not in the class of *"cases not provided for in this Constitution."*

Section 14, Article IV, then read as follows:

"The Judges of the Supreme Court, and of the Court of Common Pleas, shall, at stated times, receive, for their services, such compensation as may be provided by law, which shall not be diminished, or increased, during their term of office; * * *. All votes for either of them, for any elective office, except a judicial office, under the authority of this state, given by the General Assembly, or the people, shall be void."

In its decision in the *Metcalfe case, supra,* the Supreme Court referred to an earlier decision, *Fulton* v. *Smith* (1919), 99 Ohio St. 230, in which it held that the provisions of the last sentence of Section 14, Article IV, relative to *votes cast* was applicable only to judges of the Supreme

Court and the Common Pleas Court, but the provision of Section 20, Article II limiting *increases during term* would apply to a judge of the Court of Appeals. The court concluded its reasoning by saying, at page 493:

"The question is, What was the intention of the constitution-makers at the time Section 14, Article IV, was adopted? We can conceive of no process of reasoning by which it could be said that the constitution-makers intended by Section 14, Article IV, to give assent to the increase of salaries, during the term, of incumbents of judicial positions not then in existence. * * * There is no other provision of the Constitution relating to the validity of votes which may be cast for judicial officers for any elective office other than a judicial office. *But* in this case there is an express provision in Section 20, Article II, which directly prohibits the application of a statute which increases the salary *of any officer* during his term of office. We are admonished that the court shall not by implication extend a provision of the Constitution so as to disregard an express provision." (Emphasis added.)

On May 7, 1968, Section 1 of Article IV, Ohio Constitution, was amended to read:

"The judicial power of the state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, and such courts inferior to the Supreme Court as may from time to time be established by law."

Paragraph (B) of Section 6 of Article IV of the Constitution of Ohio, as adopted May 7, 1968, in pertinent part provides:

" The judges of the Supreme Court, Courts of Appeals, and of the Courts of Common Pleas, shall, at stated times, receive, for their services such compensation as may be provided by law, which shall not be diminished during their term of office."

The situation confronting this court is analogous to that previously discussed in the *Metcalfe case, supra.*

As was the case in that fact situation where the Court of Appeals was not one of the *cases provided for* (in accordance with Section 20, Article II), in the instant case

County Courts and Municipal Courts are not such courts in which increases of salary during term are permissible— they likewise being *officers not provided for.*

A proposed amendment to Section 20, Article II, was contained in Amended Senate Joint Resolution No. 11 (101st General Assembly), the same being defeated in the election held in November, 1955. Section 20 stands as previously quoted, and is a valid limitation of the power of the General Assembly to change the salary of any officer *"in cases not provided for in this Constitution"* during his existing term.

Where provision has been made, such as the previously referred to amendments of May 7, 1968, said section does not apply, otherwise it remains in full force and effect.

The provisions of Section 6 (B) of Article IV of the Constitution of Ohio are clear, specific and require no interpretation. Had the constitution-makers wished to include the lesser courts, they had only to name them in that section.

My conclusion is reached with much relutance, well recognizing the yeoman service which our brethren are giving daily in the lesser courts of our state. Increasing case loads are fast turning their legislatively intended part-time endeavors into full time service in many of their districts.

In the exercise of my duty, however, I cannot reach a conclusion which would lead to an increase in salaries during term, where the clear mandates of the Constitution and prior decisions of the Supreme Court indicate otherwise.

In my opinion, the judgment of the trial court should be affirmed.