The State, ex rel. Wallace, Judge, Appellant, *v.* City of Celina, Ohio, et al., Appellees.

(No. 522—Decided June 2, 1971.)

*Messrs. Short & Purdy,* for relator.

*Mr. James W. Myers,* city solicitor, for respondents.

*Per Curiam.* The sole issue raised in this original action in mandamus is whether the Modern Courts Amendment to Article IV of the Ohio Constitution, which became effective on May 7, 1968, operates to set aside the prohibition against salary increases for Municipal Court judges which had existed theretofore by virtue of the application of the provisions of Section 20, Article II of the Ohio Constitution, prescribing:

"The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all officers; *but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.*" (Emphasis added.)

Relator relies strongly on *Young, City Attorney,* v. *Price, City Auditor,* Franklin County Court of Common

Pleas Case No. 236,620, decided August 5, 1969 (unreported), Ohio Attorney General's Opinion No. 70-046, dated April 17, 1970, and *State of Ohio, ex rel. Roulhac, et al.,* as *Judges in the Municipal Court of the City of Akron* v. *Swanson, Treasurer, et al.,* Summit County Court of Appeals Case No. 6633, decided November 10, 1970 (unreported). Each of these authorities is based on a conclusion that Municipal Judges have, by virtue of the Modern Courts amendment, become *cases provided for* in the constitution and thus no longer subject to the prohibition of Article II, Section 20.

The Summit county case arrives at this conclusion merely on its statement that "as we analyze the Constitution of Ohio, with a special reference to the so-called 'Modern Courts' Amendment, effective May 7, 1968, coupled with the various pertinent statutes, in the light of the pleadings and stipulated facts now before us," without making further analysis or explanation. The Attorney General reached his conclusion "on the authority of *Young* v. *Price,*" supra. *Young* v. *Price,* relies primarily on *State, ex rel. Holmes,* v. *Thatcher,* 116 Ohio St. 113; *City of Mansfield* v. *Endley,* 38 Ohio App. 528 (affirmed 124 Ohio St. 652); and *Blacker* v. *Wiethe,* 16 Ohio St. 2d 65. Examination of these authorities discloses that none of them dealt with the right of the general assembly to "affect the salary of any officer during his existing term," but dealt, instead, with the right of some agency or branch of government, other than the General Assembly, to *fix* the compensation of officers. Nor did the *Thatcher* case, as quoted in the *Price* case, hold that, "judges of the Municipal Court were cases not provided for in the Ohio Constitution of 1927." It determined instead that although the statute there under consideration might be valid in its provisions for the county commissioners and city council to fix compensation of judges of the Municipal Court of the city of Columbus, nevertheless no "case decided by this court has ever approved any statute, or any other legislative authority or *quasi* legislative authority, to increase the salary of any officer during an existing term of office." The Supreme

Court then held that "the action of the board of commissioners and of the city council, in so far as it applies to judges of the Municipal Court of the city of Columbus who were in office at the time of the enactment of such provisions and the making of such appropriations, is in violation of the provisions of Section 20 of Article II of the Constitution of Ohio."

We conclude from these authorities cited in the *Price* case, as well as from ordinary meaning of the language of Article II, Section 20, that the phrase "in cases not provided for in this constitution" has reference only to the first clause of the section dealing with the right and obligation to fix the term of office and the compensation of officers and has no controlling application to the last clause of that section dealing with the prohibition against a change of compensation affecting the salary of any officer during term. We further conclude that the Article II, Section 20, is general in its application and that with respect, *at least*, to all officers whose terms and compensation are fixed by the General Assembly, generally prohibits any change of compensation which shall affect their salary during term.

Necessarily, there may be two classes of exceptions to this general prohibition, namely (1) exceptions created by constitutional provisions of specific application, *i. e.*, application to specific officers as contrasted to officers generally, and (2) exceptions created by later constitutional adoptions having express or implied amendatory effect on the provisions of Article II, Section 20.

The amendments to Article IV of the Constitution by the so-called Modern Courts Amendment may be of either or both of these types. With respect to terms of office and compensation we find only the following, being pertinent parts of Article IV, Section 6:

"(A) (1) The chief justice and the justices of the Supreme Court shall be elected by the electors of the state at large, for terms of not less than six years.

"(2) The judges of the Courts of Appeals shall be elected by the electors of their respective appellate districts, for terms of not less than six years.

"(3) The judges of the Courts of Common Pleas shall be elected by the electors of the counties in which their respective courts are located, for terms of not less than six years, * * *.

"(4) Terms of office of all judges shall begin on the days fixed by law, and laws shall be enacted to prescribe the times and mode of their election.

"(B) The judges of the Supreme Court, Courts of Appeals, and of the Courts of Common Pleas, shall at stated times, receive for their services such compensation as may be provided by law, which shall not be diminished during their term of office. The compensation of all judges of the Supreme Court, except that of the chief justice, shall be the same. The compensation of all judges of the Courts of Appeals shall be the same. Common Pleas judges shall receive such compensation as may be provided by law. * * * "

Except to the extent subdivision (4) has application to "all judges" these constitutional provisions are special in their application, applying only to judges of the Supreme Court, Courts of Appeals, and of the Courts of Common Pleas. By operation of the provisions that compensation of these judges "shall not be diminished during their term of office," that the compensation of all judges of the Supreme Court (except the chief justice) shall be the same, and that the compensation of all judges of the Courts of Appeals shall be the same, it must follow that the salary of these specified judges may be increased during term. Being provisions of special application as well as of later enactment than the provisions of Article II, Section 20, they constitute exceptions of both of these types to the application of the prohibition of changes of compensation affecting salaries of officers during term appearing in Article II, Section 20, as well as to the provisions thereof with regard to the fixing of terms by the General Assembly.

However, no similar provisions relating to Municipal Court judges appear either in the so-called Modern Courts Amendment to Article IV nor in any other place in the

constitution. It necessarily follows that Article II, Section 20, still has application to the fixing of terms and compensation of municipal judges and the prohibition against changes affecting salary during term still apply. The provisions of Article IV, hereinbefore quoted, clearly demand the application of the maxim of *expressio unius est exclusio alterius*. 2 Sutherland, Statutory Construction 412, Section 4915. The Municipal Courts and their judges were in being and the constitutional amendment could readily have made specific reference to them had it been intended that the provisions permitting increases in compensation during term should be applicable to them. Compare, *State, ex rel. Metcalfe, v. Donahey, Aud.*, 101 Ohio St. 490, 492.

Extension to Municipal Court judges of a right to have their salaries increased during term could be done only by implication. As was stated by the Supreme Court in deciding the *Donahey* case, *supra*, the express provision of Article II, Section 20, should not be disregarded to permit salary increases during term to Courts of Appeals judges:

"We are admonished that the court shall not by implication extend a provision of the constitution so as to disregard an express provision."

The writ of mandamus sought by relator must be denied.

*Writ denied.*

GUERNSEY, P. J., COLE and TROOP, JJ., concur.

TROOP, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.