By the Court.
 

 Section 16, Article II of the Constitution of Ohio, reads in part:
 

 “Any proposed law or amendment to the Constitution submitted to the electors as provided in Section
 
 la
 
 and Section 16, if approved by a majority of the electors voting thereon, shall take effect thirty days after the election at which it was approved and shall be published by the Secretary of State.”
 

 Using the words of the Constitution, this amendment was “approved by a majority of the electors voting thereon” and it “shall take effect thirty days after the election at which it was approved.”
 

 Obviously, nothing in the schedule to this proposed amendment can have any operative effect as a part of the law of this state unless and until the amendment has taken effect and become a part of the Constitution, pursuant to the above-quoted existing and self-executing provisions of the Constitution. In other words, this schedule can be given legal effect only if it is a part of an amendment which has become effective. See
 
 State, ex rel. McNamara,
 
 v.
 
 Campbell,
 
 94 Ohio St., 403, 115 N. E., 29.
 

 If “a majority of the electors voting at the general elections of November 8, 1949” had voted in' favor of the amendment and the Secretary of State had certified to that fact prior to December 8, 1949, the provisions of Section 2a would not have become effective immediately, because the Constitution (Section 16) provides that an amendment becomes effective thirty days after the election at which it is approved, not before
 
 *313
 
 then. The schedule cannot provide for an earlier effective date than that provided in the existing constitutional provisions.
 

 The schedule does not expressly say that Section
 
 2a
 
 shall become effective “only upon” or “immediately and only upon” the certification described; it uses the words “immediately upon.”
 

 Therefore, in effect, respondent asks us to imply from the language of the schedule an intention to have the provisions of Section 2a become effective “only” upon such certification. It is certainly not necessary to imply such an intention from the language used. In our opinion it would not be reasonable to imply such an intention because the Constitution also specifically provides when an amendment shall become effective. As a result, language such as this in a schedule, providing for the amendment becoming effective on the happening of some specific event, will not be interpreted as providing the only time for its becoming effective unless such a meaning is clearly expressed or necessarily inferrable from the words used. See
 
 Switzer
 
 v. State,
 
 ex rel. Silvey,
 
 103 Ohio St., 306, 133 N. E., 552.
 

 Respondent argues that the entire vote on the issue must be held invalid because the ballot, in two places, contained words to the effect that a majority vote of the electors voting at the election was necessary for adoption of the proposed amendment. For the reasons hereinbefore stated, we do not believe the words printed on the ballot under the heading “Schedule,” after the description of the proposed amendment, are susceptible of such interpretation. However, assuming to act pursuant to Section 4785-103, General Code (123 Ohio Laws), respondent placed on the ballot, following a brief description of the question submitted,
 
 *314
 
 the words “a majority vote of the electors voting at the election held November 8, 1949, is necessary for passage.”
 

 Such a statement obviously had no bearing upon the desirability or undesirability of the proposed amendment. Voters should not be penalized for such an irregularity where there is no showing that the result of the election was in any way affected by reason of the irregularity, especially where an objection to the irregularity could have been made seasonably but was not made at all before the election.
 
 State, ex rel. Whetsel,
 
 v.
 
 Murphy,
 
 122 Ohio St., 620, 174 N. E., 252;
 
 Mehling
 
 v.
 
 Moorehead,
 
 133 Ohio St., 395, 407, 14 N. E. (2d), 15.
 

 Our conclusion is that Section
 
 2a
 
 became effective as a part of Article V of the Constitution of Ohio on December 8, 1949, by reason of the self-executing provisions heretofore quoted from Section lb, Article II.
 

 The Secretary of State must declare the passage of the proposed amendment and publish Section
 
 2a
 
 of Article V as an amendment to the Constitution of Ohio.
 

 Writ allowed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.