THE STATE, EX REL. GRAVES, *v.* BROWN, SECY. OF STATE, ET AL.

(No. 69-217—Decided April 30, 1969.)

*Mr. Harvey O. Mierke, Jr.,* and *Mr. Frederick J. Payne,* for relator.

*Mr. Paul W. Brown,* attorney general, and *Mr. Robert D. Zitko, Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun* and *Mr. John L. Dowling,* for respondents.

62

*Messrs. Saker, Yannon* & *Sferrella* and *Mr. Theodore R. Saker,* for intervenor-respondent.

*Per Curiam.* Section 6 (C) of Article IV of the Ohio Constitution, adopted by the voters on May 7, 1968, provides in part:

"No person shall be elected or appointed to any judicial office if on or before the day when he shall assume the office and enter upon the discharge of his duties he shall have attained the age of seventy years."

Section (E) of the schedule of the foregoing amendment states:

"(E) Any judge who is holding office on December 31, 1969, and who would be eligible for re-election in 1970 for a term beginning in 1971 except for his age and the provisions of division (C) of Section 6, Article IV, shall be eligible nevertheless to be re-elected in 1970 for one additional term as judge of the same court."

No reference to the import of Section (E) of the schedule appeared in the condensed ballot text prepared pursuant to Section 3505.06, Revised Code.

In the case of *Euclid* v. *Heaton* (1968), 15 Ohio St. 2d 65, 238 N. E. 2d 790, this court followed the case of *State, ex rel. McNamara,* v. *Campbell* (1916), 94 Ohio St. 403, 115 N. E. 29, and held that unless a postponement of the effective date of a proposed constitutional amendment is submitted to the voters, Section 1 of Article XVI of the Ohio Constitution requires that the amendment become a part of the Constitution upon the date of its adoption by the voters. Logic and consistency dictate that this result must also obtain where the effectiveness of a portion of an amendment is sought to be delayed.

Secton (E) of the schedule represents an attempt to postpone the effective date of a part of the constitutional amendment. If the General Assembly had intended that Section (E) be given effect, it could have provided that the question of postponement be submitted to the electorate as a part of the condensed ballot text. The failure to so have presented the question to the electorate destroyed the

efficacy of Section (E) of the schedule. Therefore, relator's motion for judgment upon the pleadings is sustained and the writ of prohibition is allowed.

*Writ allowed.*

MATTHIAS, Acting Chief Justice, COLE, O'NEILL, SCHNEIDER, and HERBERT, JJ., concur.

JONES and DUNCAN, JJ., dissent.

COLE, J., of the Third Appellate District, sitting for TAFT, C. J.

JONES, J., of the Eleventh Appellate District, sitting for ZIMMERMAN, J.