THE STATE, EX REL. WALLACE, JUDGE, CELINA MUNICIPAL
COURT, APPELLANT, *v.* CITY OF CELINA ET AL., APPELLEES.

(No. 71-473—Decided March 1, 1972.)

**110**

*Messrs. Short & Purdy, Mr. Don M. Purdy, Messrs. Bricker, Evatt, Barton & Eckler, Mr. Russell Leach* and *Mr. Michael F. Sullivan,* for appellant.

*Mr. James W. Myers,* city solicitor, for appellees.

O'NEILL, C. J. This cause brings before the court the question of whether a Municipal Court judge is eligible to receive an increase in salary during his term of office.

Section 20, Article II of the Ohio Constitution, reads:

"The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all offices; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

It has been held that, under Section 20, Article II of the Ohio Constitution, the salary of a Municipal Court judge may not be increased during his term of office. *Kovachy* v. *Cleveland* (1957), 166 Ohio St. 388; *State, ex rel. Holmes,* v. *Thatcher* (1927), 116 Ohio St. 113,

Effective May 7, 1968, Article IV of the Ohio Constitution was amended. Section 6(B) of that article provides, in part:

"The judges of the Supreme Court, Courts of Appeals, and of the Courts of Common Pleas, shall, at stated times, receive for their services such compensation as may be provided by law, which shall not be diminished during their term of office. The compensation of all judges of the Supreme Court, except that of the Chief Justice, shall be the same. The compensation of all judges of the Courts of Appeals shall be the same. Common Pleas judges shall receive such compensation as may be provided by law."

Section 6(B) does not prohibit salary increases during term for the judicial officers therein enumerated. The pivotal issue in this case is whether Section 6(B) applies to Municipal Court judges and relieves them from application of the prohibition expressed in Section 20, Article II.

It is relator's position that Section 6(B) was intended, by those who drafted it and by the electorate who adopted it, to extend to all judges, including Municipal Court judges, the right to receive salary increases during term, and that the 1968 amendment to Article IV repealed by implication Section 20, Article II, as it applies to Municipal Court judges. Relator contends also that if certain judges may receive increases in compensation during term, while others are prohibited from receiving such increases, there is a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

To support his claim that Section 6(B) was intended to apply to Municipal Court judges, relator draws attention to materials published and circulated at the time of the drafting and adoption of the amendment of Article IV. He cites *Castleberry* v. *Evatt* (1946), 147 Ohio St. 30, for the proposition stated in paragraph one of the syllabus therein that:

"In the interpretation of an amendment to the Constitution the object of the people in adopting it should be given effect; the polestar in the construction of constitu-

tional, as well as legislative, provisions is the intention of the makers and adopters thereof.''

Relator also cites *Cleveland* v. *Board of Tax Appeals* (1950), 153 Ohio St. 97, 103, quoting therefrom the following:

''The purpose of the amendment, and the reasons for, and the history of its adoption, are pertinent in determining the meaning of the language used, for when the language is obscure or of doubtful meaning the court may, with propriety, recur to the history of the time when it was passed, to the attending circumstances at the time of adoption, to the cause, occasion or necessity therefor, to the imperfections to be removed or the mischief sought to be avoided and the remedy intended to be afforded.''

Parenthetically, it must be noted here that the rules of construction governing statutes are generally applicable in the construction of constitutional provisions.

Although the above-quoted statements cited by relator set forth valid principles of statutory or constitutional construction, they are to be utilized only when the language being construed is ''obscure or of doubtful meaning.''

The language of Section 6(B) is explicit. It specifically delineates that the compensation of judges of the Supreme Court, Courts of Appeals and Courts of Common Pleas ''shall not be diminished during their term of office.'' Municipal Court judges are not mentioned in Section 6(B). In view of the clarity of the language of Section 6(B) this court is compelled to give effect to the words used therein. When the language of an enactment ''* * * is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation.'' In the instant case there is no requirement to resort to rules of construction. *Sears* v. *Weimer* (1944), 143 Ohio St. 312; *Cleveland Trust Co.* v. *Eaton* (1970), 21 Ohio St. 2d 129, 138.

To construe Section 6(B) to include Municipal Court judges would add words to that section which are not

therein contained and violate the rule that "in determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125.

The fact that Municipal Court judges are subject to other provisions of Article IV, *e. g.*, to Section 6(C) (see *State, ex rel. Graves,* v. *Brown* [1969], 18 Ohio St. 2d 61), does not warrant a construction of Section 6(B) which would go beyond the effect of the words used in that section.

The court concludes, therefore, **that the part of Section 6(B) of Article IV relating to compensation of judges for their services as judges of the Supreme Court, Courts of Appeals and Courts of Common Pleas does not apply to Municipal Court judges.**

This brings us to relator's argument in relation to equal protection. It does not appear in the record that this argument was raised in the Court of Appeals. Although relator asserts that it was raised in oral argument therein, it is not discussed in the opinion of that court.

In *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22, it was held that this court "* * * will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court." Paragraph five of the syllabus in *Winslow* v. *Ohio Bus Line Co.* (1947), 148 Ohio St. 101, reads, in part: " * * * this court may not pass upon any question unless the *record* certified to this court by the Court of Appeals discloses that such question was presented to and passed upon by that court." Thus, the court is not required to pass upon that question.

In any event, the court is of the opinion that there are sufficient differences between the courts enumerated in Section 6(B) and Municipal Courts to authorize their separate classification without abridging the equal protection clause of the Fourteenth Amendment. As stated in *Por-*

*ter* v. *Oberlin* (1965), 1 Ohio St. 2d 143, 152, the equal protection clause does not "require resort to close distinctions or the maintenance of a precise scientific uniformity and * * * [does] not prohibit distinctions not shown to be substantial or which are based on differentiations not shown to be arbitrary or capricious."

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, CORRIGAN, STERN and STEPHENSON, JJ., concur.

BROWN, J., not participating.

STEPHENSON, J., of the Fourth Appellate District, sitting for LEACH, J.