HERSCH *v.* CHRYSLER MOTORS CORPORATION.

(No. 70-14384—Decided June 12, 1972.)

Shaker Heights Municipal Court.

*Mr. Marvin H. Hersch,* for plaintiff.
*Messrs. Jones, Day, Cockley & Reavis* and *Mr. Dennis Kelly,* for defendant.

ROCKER, J. Counsel for plaintiff was mailed notice of date and time of trial on March 17, 1972; the date of trial being set for April 7, 1972 at 9:00 a. m.

On April 6, 1972, one day before trial, counsel for plaintiff telephoned the clerk of courts office requesting a continuance of the trial date. The reason given for such request was that plaintiff-counsel had been called to appear in a proceeding in the Court of Common Pleas of Cuyahoga County. The said common pleas court had given plaintiff-counsel no advance notice of its demand for his appearance.

Plaintiff-counsel's request was referred to the judge of this court and it was refused, along with notice that failure to appear would constitute cause for dismissal of the action.

Neither plaintiff nor her counsel appeared at time of trial, whereas defendant and counsel did appear, prepared to proceed. Thereupon the court ordered the action dismissed without prejudice for want of prosecution.

Plaintiff-counsel now urges the court to vacate its entry of dismissal. The following is an excerpt from counsel's brief in support of his motion:

"Plaintiff's attorney acknowledges that the court has scheduled the matter for trial in advance but on a date prior to said trial was called to appear in a proceeding in the Court of Common Pleas, a court superior to this court."

The crux of the issue: Although common pleas court is described as a "superior court," does that description deprive a so-called "inferior court" of the right to control its docket and calendar?

A careful search of the Constitution of the state of Ohio, the Revised Code of Ohio, Ohio Jurisprudence 2d, numerous other sources, and Ohio case law, reveals no direct answer to that query.

Under provisions of R. C. 1901.14, municipal court judges are empowered "to adopt, publish, and revise rules relating to the administration of the court." This was simply a reiteration of the inherent powers traditionally held by every court of record. That section of the code has, however, at least by implication, been supplanted by the Ohio Rules of Civil Procedure.

No longer are the municipal courts or judges com-

pletely under the control of the state Legislature, since the adoption in May 1968, of amendments to Article IV of the Ohio Constitution. Those courts and judges are now recognized constitutionally as being under the supervision and control, equally with all other courts, of the Supreme Court of Ohio. See *State, ex rel. Graves*, v. *Brown*, 18 Ohio St. 2d 61; *City of Euclid* v. *Heaton*, 15 Ohio St. 2d 65; *State, ex rel. Wallace*, v. *Celina*, 29 Ohio St. 2d 109, including "Errata" published May 8, 1972.

By virtue of promulgation of rules by the supreme court and approval of the General Assembly, July 1, 1970, municipal courts and municipal judges are bound by said rules, among which is Rule No. 83, to wit:

"The expression 'rule of court' as used in these rules means a rule promulgated by the supreme court *or a rule concerning local practice* adopted by another court which is not inconsistent with the rules promulgated by the supreme court, and which rule is filed with the supreme court." (Emphasis added.)

The Shaker Heights Municipal Court filed its local rules of court with the Supreme Court of Ohio in conformance with aforementioned C. R. No. 83, on or about May 1, 1971.

Among said local rules was Rule No. 12 which in essence requires any attorney of record in a case, upon receiving notice of trial, to immediately inform all other courts in Cuyahoga County of his status as "engaged counsel" on the date and time set forth in the notice.

Local Rule No. 12 further provides that no continuance of a case will be considered by the court unless application therefore is submitted in writing setting forth good cause with supporting affidavits, and that consent of opposing party or counsel shall not constitute "good cause."

Other provisions of Local Rule No. 12 set forth methods of relief when a conflict of trial date results from co-incidental setting of the same date by another court.

Section B. of Local Rule No. 12 provides that failure of a party or counsel to comply with the rule may cause such party or counsel to be subject to contempt of court

proceedings, and that if a conflict of appearance results from willful failure to comply, the court may on its own motion cause entry of dismissal.

The foregoing Local Rule No. 12 does not appear to this court to be in conflict or inconsistent with Ohio Civil Rules, at least no notice of any such conflict has been received to date. It should be noted, also, that the Ohio Civil Rules contain no direct reference to the subject of continuance or postponement of trial, nor as to any priority of appearance in the several courts of this state.

The court finds that although municipal court judges and common pleas court judges are separate, they are equal in more respects than otherwise. Most certain is the equal right of a municipal court judge and a common pleas court judge to control the administration of his court, in the absence of constitutional, legislative, or supreme court rule to the contrary.

As noted in 14 Ohio Jurisprudence 2d, Section 3:

"A distinction is recognized between courts and judges. The court is a tribunal organized for the purpose of administering justice, while the judge is the officer who presides over that tribunal. The terms are sometimes used interchangeably and synonymously, but they are never technically the same in meaning."

There is another element to be considered in ruling upon this motion, and to this court it overrides any other considerations; that is, the obligation of this court and all courts to make its services available to all persons, regardless of the monetary status of their claim.

Article I, Section 16 of the Constitution of Ohio provides:

"All courts shall be open, and every person for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

Certainly nothing in that language can be interpreted to mean that a person filing suit in a municipal court claiming damages, for example, in sum of $10,000.00 may be denied or have delayed his day in court so that

another person whose claim is for $10,000.01 filed in a common pleas court can be heard in preference. Nor should the fact that a party chooses to file his suit in a common pleas court where the amount is less than $10,000.00, be cause to allow such party preferential treatment over a litigant in a municipal court.

This court does not fail to recognize the many problems currently facing the courts in our attempts to improve administration so that delay is reduced to a minimum. We all are conscious of the platitude, "Justice delayed is justice denied," but we should also be cognizant of the possibility that justice accelerated may be justice aborted.

Until such time as the bench and bar of this state can conceive of a more orderly process of calendaring cases for all courts, we must continue to resort to the means at hand to guide us. This court fully appreciates that instances will arise from time to time when it would be unreasonable and not in the interests of justice to insist on appearances in this court. It does, nevertheless, persist in the belief that such reasonableness must be applied whether the other court involved is a municipal court or a court of common pleas.

By the use of such discretion on the part of all judges, it will result in the fulfillment of our obligation to render equal justice to all.

Counsel for plaintiff in this case is a capable and highly respected member of the bar. The court finds no contempt in his actions. Nevertheless, it finds no cause to vacate its entry of dismissal, without prejudice.

*Motion is denied.*