**OHIO MUNICIPAL JUDGES ASSOCIATION, Robert F. Niccum c/o Euclid Municipal Court, Plaintiffs,**

**Roger D. Andrews, Intervener,**

**Cuyahoga County Bar Assn., New Party Plaintiff,**

**v.**

**Arthur DAVIS, Director of Finance, City of Euclid, et al., Defendants,**

**Richard L. Ditto, New Party Defendant,**

**Edward Ward, New Party Defendant.**

**No. C 72–532.**

United States District Court, N. D. Ohio, E. D.

Nov. 22, 1972.

Johathan Rocker, of Reddy & Rocker, Jack Schulman, Cleveland, Ohio, Ronald M. Benjamin, Edwin F. Woodle, Ronald M. Lipson, William L. Summers, of Benjamin & Womer, Cleveland, Ohio, for plaintiffs.

Robert M. Debevec, Director of Law, City of Euclid, Euclid, Ohio, Jeffrey L. Kocian, Asst. Pros. Atty., John L. Dowling, Asst. Pros. Atty., Cleveland, Ohio, Daniel Collett, Asst. Atty. Gen., Columbus, Ohio, Lawrence S. Huffman, Pros. Atty., Walter M. Lawson, Jr., Law Director, Lima, Ohio, for defendants.

Before WEICK, Circuit Judge, GREEN and CONTIE, District Judges.

## MEMORANDUM OPINION AND ORDER

CONTIE, District Judge.

This cause came on to be heard on the complaint of plaintiffs, the Ohio Municipal Judges Association; and Robert F. Niccum, who is a duly elected municipal judge in the City of Euclid; and the answer of defendants, Arthur Davis, Director of Finance, City of Euclid; George M. Voinovich, Cuyahoga County Auditor; and Joseph T. Ferguson, State Auditor; wherein plaintiffs requested the Court to make certain orders relative to Article IV, § 6(B) of the Ohio Constitution, and alleges that the same is in conflict with the United States Constitution.

After the commencement of the action, the Court granted leave to the Cuy-

ahoga County Bar Association to become a party plaintiff; and granted leave to Richard L. Ditto, County Auditor of Allen County, to become a party defendant. The Court further permitted Edward Ward, Finance Director of the City of Lima, Ohio, to become a party defendant.

The complaint alleges jurisdiction under Title 28, U.S.C. §§ 1331, 1343, and 2281 and further alleges that the amount in controversy exceeds the sum of $10,000.00, exclusive of costs and interest.

The Court made a determination that the within action was a class action in accordance with Rule 23, F.R.Civ.P., the members of the class being all individuals presently serving as municipal judges in the State of Ohio as well as all individuals who are not presently serving as municipal judges in the State of Ohio but who have served as municipal judges at any time between May 2, 1968, and the date of the order. The Court directed that notices be sent to the members of the class by the plaintiffs in accordance with Rule 23, together with notification that members of the class could file requests for exclusion. A request for exclusion was filed by Reed M. Winegardner of Fayette County; Harry Vanberg, Akron Municipal Court; and R. K. Wilson, Piqua Municipal Court.

The prayer of the complaint is as follows:

"A. That a three-judge panel be convened pursuant to Title 28, U.S.C.A. § 2281 to hear and determine the issues in this cause;

B. That the Attorney General of Ohio and the Governor of Ohio be notified of the pendency of this action;

C. That a temporary restraining order be issued by a single judge of this Court, pending a hearing by the three-judge panel; that upon the convening of a three-judge panel a preliminary injunction be issued pending final disposition of this cause; and that upon final hearing of this cause a permanent injunction be issued, all of which injunctions would restrain and enjoin the defendants, their agents, and employees and those in active concert with them from refusing compensation to any municipal judge, except pursuant to § 1901.11 O.R.C. (enacted June 10, 1968), and from attempting or endeavoring to secure return of any sums already paid to the plaintiff, Niccum, and the members of the classes which he represents;

D. For a declaration of the rights, status and liability of the parties; for a declaration that Article IV, § 6(B) of the Ohio Constitution is in conflict with the Fourteenth Amendment to the United States Constitution and constitutes a denial of equal protection of the law, and due process of law to all municipal judges of the State of Ohio within the classes represented by the plaintiffs; and

E. For such other relief as the Court shall deem just and proper, including costs herein."

The prayer was subsequently amended with leave of the Court to add the following paragraph:

"D(1) That the Court order the defendants to compensate all plaintiffs and all members of the class they represent in accordance with any salary increases specified or enacted during their respective terms of office, and enjoin the defendants from refusing compensation to the plaintiffs and those members of the class they represent in accordance with any salary increases specified or enacted during their respective terms of office."

Answers were duly filed by the respective defendants. The following stipulations were entered into by and between the parties prior to oral argument:

"1. Defendant Arthur Davis, Finance Director, City of Euclid, Ohio, stipulates that with regard to plaintiff, Robert F. Niccum, the amount in controversy ex-

ceeds Ten Thousand and no/100 Dollars ($10,000.00), exclusive of costs and interests.

2. The Ohio Municipal Judges Association is an unincorporated association, duly organized and existing under the laws of the State of Ohio. Its general purpose is to act for the benefit of the municipal judges of the State of Ohio, to represent their joint interests and to promote improvement in the administration of justice in the municipal courts. There are approximately One Hundred Seventy (170) members of the Association, and the Association brings this action on its own behalf and on behalf of its members.

3. Robert F. Niccum is the duly elected municipal judge in the City of Euclid, Ohio. He was elected to his present term on January 1, 1970, and said term is for a period of six (6) years.

4. The plaintiff, Niccum, brings this action on his own behalf and on behalf of the following classes of individuals.

a) All individuals presently serving as municipal judges in the State of Ohio; and

b) All individuals who are not presently serving as municipal judges in the State of Ohio, but who have served as municipal judges at any time between May 2, 1968, and the present date.

5. Mr. Arthur Davis is the duly appointed and acting Finance Director of the City of Euclid, Ohio. Edward Ward is the duly elected and acting Finance Director of the City of Lima, Ohio. It is their responsibility and duty to pay the various officials and employees of the cities of Euclid and Lima, respectively, including the plaintiffs, Niccum and Andrews, the salaries and compensation to which they are entitled by law. The compensation which the plaintiffs, Niccum and Andrews, receive for the performance of their duties as municipal judge of the City of Euclid and Lima re-

spectively, is paid in part by funds from the cities of Euclid and Lima, which the defendants, Davis and Ward, are obligated to disburse.

6. The defendant, George M. Voinovich, is the duly appointed and acting County Auditor of Cuyahoga County, Ohio. The defendant, Richard L. Ditto, is the duly elected and acting Auditor of Allen County, Ohio. The compensation which the plaintiffs, Niccum and Andrews, receive for the performance of their duties as municipal judge is paid in part from funds belonging to Cuyahoga and Allen Counties. The defendants, Voinovich and Ditto, have the duty and obligation as County Auditor to pay plaintiffs, Niccum and Andrews, the compensation to which they are entitled by law.

7. The defendant, Joseph T. Ferguson, is the duly elected State Auditor of Ohio. Part of his responsibilities and duties as State Auditor include the supervision of the various cities and counties of Ohio in their financial operation. Among these responsibilities, Mr. Ferguson instructs the various counties and cities as to the legal and proper expenditure of their funds. Among the expenditures which he directs and oversees is the responsibility of the defendant, Davis, and the defendant, Voinovich, to pay the lawful and proper judge's compensation to the plaintiff, Niccum, and to those classes represented by the plaintiffs.

8. On or about May 7, 1968, the State of Ohio by referendum vote adopted Article IV, § 6(B) of the Ohio Constitution, which provides in part as follows:

"The judges of the supreme court, courts of appeals, and of the courts of common pleas shall, at stated times, receive, for their services such compensation as may be provided by law, which shall not be diminished during their term of office. . . . "

9. On or about June 10, 1968, the Legislature of the State of Ohio enacted

§ 141.04 O.R.C. which provided a new schedule of compensation for judges of the Supreme Court, Courts of Appeals, and Courts of Common Pleas.

10. On or about June 10, 1968, the Legislature also enacted § 1901.11 O.R. C., which provided a new and different compensation schedule for municipal judges.

11. Article II, § 20 of the Ohio Constitution provides:

"The general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

12. As so construed, the Ohio Constitution creates a distinction between judges of the Supreme Court, the Courts of Appeals, and the Common Pleas Courts on the one hand, and municipal judges and county judges on the other hand. As construed by the Ohio Supreme Court, the Ohio Constitution allows for increases of salary during term for Supreme Court, Courts of Appeals, and Common Pleas judges but prohibits increases in salary during the term to municipal judges and county judges.

13. Some Municipal Courts have county-wide jurisdiction, the same as all Common Pleas Courts.

14. Municipal Courts have concurrent jurisdiction with Common Pleas Courts in some cases.

15(a) The following provisions of Article IV, § 6, Ohio Constitution, apply to *all* judges in the State of Ohio, including *Municipal Court judges.*

1. Terms of office begin on days fixed by law; applicable to *all* judges. Terms of office are all six years.

2. Times and mode of election of *all* judges are set according to laws enacted therefor.

3. *All* judges are prohibited from receiving any fees or perquisites.

4. *All* judges are prohibited from holding any other office of profit or trust, under the authority of the State or the United States.

5. All votes for *any* judge, for *any* office, except for a judicial office are void.

6. *All* judges are barred from election if they attain the age of 70 years before the date on which they take office.

7. *All* judges who retire voluntarily or because of restriction against re-election are eligible for assignment to active duty.

8. *All* judges who accept assignments after retirement are paid on a per diem basis; no restriction as to increase in rate of compensation to any such assigned judge.

9. *All* judges who serve by assignment after retirement receive the per diem compensation in addition to any retirement benefits received.

16. The amendment to Article IV, Ohio Constitution, appeared on the ballot as follows:

'PROPOSED CONSTITUTIONAL AMENDMENT ADMINISTRATION AND ORGANIZATION OF OHIO JUDICIAL SYSTEM

(Proposed by Resolution of the General Assembly of Ohio)

A majority affirmative vote is necessary for passage.

Shall the Constitution of the State of Ohio be amended by Amending Sections 1 and 2, Enacting Sections 3, 4, 5, and 6, and Repealing Existing Sections 3, 4, 6, 7, 8, 10, 12, and 14 of Article IV and by Repealing Sections 12 and 13 of Article II as adopted in 1851 to provide that the Supreme Court shall decide all cases by majority vote, to fix the power of the Supreme Court of Ohio to exercise administrative supervision over all courts and to make rules of practice and procedure, to prohibit the election or appointment to any judicial office

of a person who shall have passed the age of 70 years, *to equalize judges' salaries and to allow increases in compensation during term,* to remove the Probate Court, as a Constitutional Court and to authorize the consolidation of County Probate Courts and Courts of Common Pleas?' (Emphasis supplied.)

17. The defendant, Joseph T. Ferguson, has instructed all county and municipal fiscal officers to discontinue payment of the compensation specified in § 1901.11 O.R.C. to municipal judges who were elected to office prior to June 10, 1968, and to municipal judges whose salaries have been increased during their term of office. Unless restrained by this Court, the defendants, Davis, Ward, Ditto, and Voinovich, together with all other fiscal officers of the counties and municipalities in the State of Ohio will refuse compensation to the plaintiffs, Niccum and Andrews, and to the classes represented by the plaintiffs as those rates of compensation are specified in § 1901.11 O.R.C. Further, the defendants will seek to recover sums paid to the plaintiffs, Niccum and Andrews, which are in excess of the salary shedule specified in the predecessor to § 1901.11 O.R.C.

18. Prior to the adoption of Article IV, § 6(B) of the Ohio Constitution on May 7, 1968, all judges were prohibited from receiving in term salary increases."

Article IV, § 6(B) has been subject to review by the Ohio Supreme Court in Ex rel. Wallace, Judge, Celina Municipal Court v. City of Celina, 29 Ohio St.2d 109, 279 N.E.2d 866 (1972). Therein, the Ohio Supreme Court construed Article IV, § 6(B) as *not including municipal judges* within its scope, and denied plaintiff a writ directing the respondent City Council to make an appropriation for additional salary. Syllabus two of the *Wallace* decision reads:

"The language of Section 6(B) of Article IV of the Ohio Constitution relating to the compensation of judges for their services as judges of the Supreme Court, Courts of Appeals and Courts of Common Pleas is explicit. That language does not include, nor does it apply to, Municipal Court judges."

Plaintiffs contend that the Ohio Supreme Court did not consider the equal protection issue raised in this action. This Court has thoroughly read the *Wallace* decision, and cannot agree with that contention. The Ohio Supreme Court specifically addressed itself to the equal protection clause as follows:

This brings us to relator's argument in relation to equal protection. It does not appear in the record that this argument was raised in the Court of Appeals. Although relator asserts that it was raised in oral argument therein, it is not discussed in the opinion of that court.

\* \* \* \* \*

In any event, the court is of the opinion that there are sufficient differences between the courts enumerated in Section 6(B) and Municipal Courts to authorize their separate classification without abridging the equal protection clause of the Fourteenth Amendment.

*Id,* at p. 113, 279 N.E.2d at p. 869.

■ This Court, in determining the issues before it is bound to apply the construction applied to Article IV, § 6(B) by the Ohio Supreme Court. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1941); Madden v. Commonwealth of Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940).

■ It is well settled that in an action presenting a constitutional attack on state laws the federal courts should abstain from reaching the constitutional issues if there are alternative grounds for decision. Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); Rosenberg v. Fleuti, 374 U.S. 449,

83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963); Tower Realty v. City of East Detroit, 196 F.2d 710 (CA 6, 1952). One policy served by that practice is that of not passing on constitutional questions in situations where an authoritative interpretation of state law may avoid the constitutional issues. Government and Civil Employees Organizing Committee, CIO v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957).

In this action the primary relief sought by plaintiffs is an order that municipal judges be compensated in a manner which would recognize in-term salary increases previously granted to them. In order to achieve that end plaintiffs attack Article IV, § 6(B) as denying them equal protection under the laws.

■ The difficulty with plaintiffs' position is that Article IV, § 6(B) created a limited exemption from the operation of Article II, § 20 of the Ohio Constitution. If that exemption was found to violate the Fourteenth Amendment to the United States Constitution, this Court would be unable to grant to plaintiffs the right to in-term salary increases. A holding invalidating Article IV, § 6(B) would result in all Ohio judges being subject to Article II, § 20 rather than municipal judges being included in Article IV, § 6(B).

This inability to grant to plaintiffs the primary relief sought, even if they should be correct on their constitutional claim, requires dismissal of the complaint without the necessity of deciding the constitutional issue. Plaintiffs' argument that relief could be afforded to them by construing Article IV, § 6(B) as including municipal judges is concluded by the controlling contrary construction of that provision by the Ohio Supreme Court.

This Court is in sympathy with all Ohio municipal judges who were excluded by the enactment of Article IV, § 6(B) of the Ohio Constitution. However, as stated above, the language of the amendment is clear and unequivocal; and this Court has no authority to add to said Article. This Court finds that the actions of Joseph T. Ferguson, wherein he directed that Municipal Court judges be barred from any increases during their term, were proper and within the authority of Article II, § 20 of the Ohio Constitution.

The temporary restraining order heretofore issued by this Court is hereby dissolved, and this case is dismissed. Costs assessed to plaintiffs.

It is so ordered.

GREEN, District Judge (concurring):

There were certain matters argued by plaintiffs in the course of these proceedings which I believe warrant some consideration.

Plaintiffs presented a number of affidavits from members of the legislature and from persons who were active in the promotion of the constitutional amendment indicating that it was the intention of the legislature, at the time of submission of this amendment to the voters, to include all judges within its scope. Plaintiffs point out that the wording of the issue upon the Ohio ballots was such that the voters could reasonably interpret the proposal before them as allowing in-term increases to all judges in the state.

Based upon those factors, plaintiffs argued that this Court should construe Article IV, § 6(B) so as to effectuate the legislative intent and bring municipal judges within its protection. Unfortunately, under the controlling law as set forth in the principal opinion, this Court cannot do so, even though it may be possible that the amendment in the form in which it appeared on the ballots was misleading to the voters of Ohio and inconsistent with the understanding of many members of the legislature. It appears that under these circumstances, the only avenue open to remedy the failure of the constitutional amendment to

reflect the legislative intent lies with the legislature itself.

There is, in my opinion, another problem presented in this litigation.

On the same date (subsequent to the enactment of Article IV, § 6(B)) that the legislature enacted a new compensation schedule for judges of the Supreme Court, Courts of Appeals and Courts of Common Pleas, the legislature also enacted a revised compensation schedule for municipal judges. Thereafter, a decision was rendered by the Common Pleas Court of Franklin County, Young v. Price, Case No. 263,620, August 5, 1969, holding that municipal judges were entitled to in-term increases in accordance with the new schedule. On April 17, 1970, the Attorney General of Ohio rendered an opinion, No. 70–046, that municipal judges could receive in-term increases. Based upon those authorities, many municipalities granted increases to judges serving upon the municipal bench. The Ohio Supreme Court's decision in Wallace v. City of Celina, 29 Ohio St.2d 109, 279 N.E.2d 866 (1972), was the first authority holding that municipal judges could not receive the same benefit conferred upon other judges in the State of Ohio.

It was represented by plaintiffs that, if relief was denied them, not only would their salaries be reduced from the present levels, but that steps would also be taken to recover alleged excess payments previously made. In some instances this could be a substantial amount, working a hardship on the judge concerned. I believe that the Court's ruling in this case, being restricted to the legal issues discussed in the principal opinion and in this concurrence, has no bearing on the question of the plaintiffs' liability to repay monies previously paid to them. That issue was not before this Court. There may be substantial considerations relevant to this question in addition to the constitutional issue posed and passed upon in this forum.