390 F.Supp. 297 (1975)
Dr. Helen BRUCE et al., Plaintiffs,
v.
R. Elliott SCEARCE, Director of Personnel, et al., Defendants.
No. 73 C 861 (4).
United States District Court, E. D. Missouri, E. D.
February 28, 1975.
*298 Eugene K. Buckley, St. Louis, Mo., for plaintiffs.
Walsh, Howe & Ebert, Eugene P. Walsh, Clayton, Mo., for defendants.

OPINION
NANGLE, District Judge.
This action determines whether Article VIII, Section 8 of the Charter of the City of St. Louis ("City"), Missouri, limiting the annual salaries of City employees and officials to $25,000.00, violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Constitution of the United States. The action has been tried to the Court sitting without a jury.
Plaintiffs are seven officials employed in the classified civil service of the City established pursuant to Article XVIII of the City Charter. Plaintiffs bring the action as a class action on behalf of all other City employees and officials similarly situated, pursuant to Rule 23, Federal Rules of Civil Procedure.
Defendants are the Mayor of the City of St. Louis and four officials whose duties include the recommendation and the approval of levels of compensation and benefits for all City officials and employees in the classified service.
The action is brought under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 upon the claim that plaintiffs' civil rights have been violated. Subject matter jurisdiction exists as granted by 28 U.S.C. § 1343(3). Bell v. Hood, 327 U. S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Plaintiffs pray for injunctive and declaratory relief.
The City of St. Louis is a charter city authorized by the 1945 Constitution of Missouri. Subject to the limitations of the Missouri Constitution and the laws of the Missouri General Assembly, the Charter is the City's organic *299 law. Const.Mo.1945, Art. VI, §§ 31, 32, V.A.M.S.
Article VIII, § 8[1] of the Charter ("Section 8") was enacted in 1960, pursuant to Article VI, § 32(a) of the Constitution of Missouri requiring approval by three-fifths of the voting electorate.
The City employs approximately 9,000 persons who are compensated pursuant to a plan enacted[2] by the City's Board of Aldermen. The plan established forty-three pay grades, with pay increasing from grade 1 through 43, each containing five incremental steps. The plan fixed the maximum bi-weekly compensation at $961.33, pursuant to Section 8. This maximum amount was established for pay grade 37, step 5; grade 38, steps 4 and 5; grade 39, steps 3, 4, and 5; grade 40, steps 2, 3, 4, and 5; and grades 41, 42, and 43 in their entirety. Plaintiffs are within these grades and steps, receiving $961.33 bi-weekly.
On September 15, 1970, the electorate of St. Louis amended the City Charter by approving § 31 of Charter Article XVIII. Section 31 provided salary parity between corresponding ranks of the City fire and police departments. The compensation of the City Police Department is controlled by the Missouri General Assembly; in 1974, the General Assembly raised the annual salary of the City Chief of Police to $28,860.00. See § 84.160, Laws 1974, p. ____, S.B.No. 475, V.A.M.S. As a consequence of Article XVIII, § 31 of the City Charter, the Chief of the City Fire Department was entitled to a comparable increase in salary, above $25,000.00, Section 8 notwithstanding. See State of Missouri ex rel. Broderick v. City of St. Louis, Cause No. 39291-F (Cir.Ct. of St. L., January 17, 1974).
The Fourteenth Amendment, invoked by plaintiffs, provides in pertinent part as follows:
nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. (emphasis added).

DUE PROCESS
Plaintiffs assert that they have an expectancy of a salary increase to an amount in excess of $25,000.00, to reflect the "due relation" between their offices and those of other City employees, comparable "to rates prevailing for like employment in private industry". See footnote 2 supra. This expectancy, they argue, is property protected from deprivation by the Fourteenth Amendment, citing Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
Plaintiffs' reliance upon Perry is misplaced. In Perry the Supreme Court acknowledged that a state college teacher, although without a formal contractual tenure right to continued employment, may have a property right to continued employment based upon a de facto tenure program or an implied contract, 408 U.S. at 600, 602, 92 S.Ct. 2694, 33 L.Ed. 2d 570, and that this property right is protected by the constraints of the Fourteenth Amendment. In the instant case, plaintiffs' claim to a salary unfettered *300 by the $25,000.00 limitation is founded upon the expectation that the City government would authorize the salary increases, if the Section 8 limitation did not exist. This expectation is limited by the same factor that prevents it from ripening into a property right protected by the Fourteenth Amendment, i. e. the Section 8 limitation itself. No informal or de facto obviation of this explicit salary limitation has been proven. The only exceptions to it exist by virtue of Charter amendment or state statute. Plaintiffs' due process claim must fail for lack of a protectable property right.

EQUAL PROTECTION
Plaintiffs argue that Section 8 classifies them as persons who are unable to receive a salary increase, while the Charter allows employees in lower grades, and fire department officials in high grades, the opportunity for salary increase. Therefore, they argue, they are classified according to wealth, and such a "suspect" classification must be supported by a compelling state interest.
Under the facts of this case, Section 8 need not be supported by a compelling state interest to comport with the dictates of the Constitution. The Equal Protection Clause does not prevent treatment by the state of one class of persons differently from another. Johnson v. Robison, 415 U.S. 361, 374, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973), reh. den. 411 U.S. 910, 93 S.Ct. 1523, 36 L.Ed.2d 200 (1974). The discrimination complained of here involves no violation of a fundamental right, e. g. suffrage, Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966). Although "classifications based upon wealth are `traditionally disfavored,'" Lubin v. Panish, 415 U.S. 709, 719, 94 S.Ct. 1315, 1321, 39 L.Ed.2d 702 (1974) (Douglas, J.), Section 8 does not discriminate against or classify plaintiffs as to their wealth. Rather, it is the source of their degree of wealth and, unless such is used as a basis for some further and invidious discrimination, it is enough that the law "bears a rational relationship to a permissible state objective". Village of Belle Terre v. Boraas, 416 U.S. 1, 8, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797 (1974).
Plaintiffs have shown that Section 8 creates an uneven distribution of compensation within the City's civil service. Persons in less skilled positions continue to receive salary increases as they approach the $25,000.00 limit; plaintiffs, however, are frozen in their present salary level. Furthermore, positions in the civil service that require technical expertise, e. g. department heads, hospital radiologists and pathologists, go unfilled for want of sufficient salary. Often technical and expert services must be purchased by the City from consultants on an ad hoc contractual basis.
Nevertheless,
In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some `reasonable basis', it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." The problems of government are practical ones and may justify, if they do not require, rough accommodationsillogical, it may be, and unscientific. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. (citations omitted)
Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970), reh. den. 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970).
Here, the salary limitation complained of by plaintiffs was placed in the Charter by a vote of the people. Unfair as this salary limitation might seem, it has a valid governmental objective *301 and it has a "reasonable basis". The people of St. Louis presumably have been thought unwilling to increase the plaintiffs' salaries, otherwise we can assume a charter amendment to such effect would have been adopted (or at least presented to the voters).
This Court personally may feel that Section 8 is an unwise provision but, more importantly, it is the legal opinion of this Court that such section does not violate plaintiffs' constitutional rights. See Ohio Municipal Judges Association v. Davis, 411 U.S. 144, 93 S.Ct. 1245, 36 L.Ed.2d 113 (1973), aff'ing on other grounds 57 F.R.D. 64 (N.D.Ohio 1972).
The action will be dismissed.
NOTES
[1] This section provides in pertinent part as follows:

Section 8. All salaries shall be paid at least monthly. Salaries fixed in this Charter at a certain sum shall be construed to mean not less than such sum, but no salary under the City shall exceed Twenty-five Thousand Dollars ($25,000) per annum, nor shall any officer or employee receive any additional compensation for serving in any other capacity under the City while in such office or employment . . ..
[2] See Ordinance No. 56473, approved March 29, 1973. This ordinance was enacted pursuant to Article XVIII, § 9(k) of the Charter which requires the Director of personnel to recommend to the Civil Service Commission a compensation plan "consisting of scales of pay for the several grades in classes in due relation to each other and to rates prevailing for like employment in private industry . . .".